UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINTFRESH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>GUADALUPE LLC,<br><br>*Defendant*. | CASE NO. 23-cv-6140<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Printfresh LLC ("Printfresh" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against defendant Guadalupe LLC ("Guadalupe" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Printfresh is a nationally recognized luxury lifestyle and apparel brand that creates its own unique and whimsical designs for prints that it features on its apparel. Of its library of unique designs, Printfresh's *Bagheera* design is one of its most popular and has been featured at industry trade shows and in national media articles.

2. Guadalupe LLC violated the copyright laws 17 U.S.C. § 101 *et seq.*, by reproducing, distributing, and selling apparel infringing on Printfresh's copyrighted *Bagheera* design without Printfresh's consent. Printfresh seeks damages and appropriate injunctive relief.

## PARTIES

3. Printfresh is a Pennsylvania limited liability company with a principal place of business at 2930 Jasper Street, Suite 408, Philadelphia, Pennsylvania 19134.

4. On information and belief, Guadalupe LLC is a Florida limited liability company with a principal place of business at 1756 NW 23rd Street, Unit A, Miami, Florida 33142.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. 302 because Defendant Guadalupe regularly transacts business within the State of New York, contracts to supply goods and/or services in the States; and has sold or caused to be sold apparel infringing Printfresh's copyright within the State, causing tortious injury in New York.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Printfresh's claims occurred in the Southern District of New York.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. **Printfresh and the Copyrighted Work *Bagheera***

8. Printfresh is a luxury lifestyle and apparel brand that specializes in prints, graphics, embellishments, and embroideries.

9. Printfresh creates original and unique textile designs inspired by plants, animals and home décor.

10. Printfresh sells its products, which feature its original designs, both through its own online platform at <printfresh.com> and in various brick-and-mortar stores like Anthropology.

11. Printfresh is well known in the industry for its original designs and has been featured by industry media outlets including *Vogue*, *Vice*, *Cosmopolitan*, and *The Zoe Report*.

12. Among its extensive library of unique print designs is *Bagheera*, which is an original work that Printfresh created in or around 2019.

13. An image of *Bagheera* appears below:



14. *Bagheera* is one of Printfresh's most popular designs and is prominently featured on Printfresh's website as a "favored print" that is available in several colorways across Printfresh's various products.

15. At all times material hereto, images of Printfresh's *Bagheera* design were displayed and continue to be displayed on Printfresh's website at <https://printfresh.com/>.

16. The *Bagheera* print has also been featured, either by name or image, at industry trade shows and in national media articles including in *Forbes*, *The Washington Post*, and *Good Morning America*, among others.

17. Printfresh registered the copyright to *Bagheera* with the United States Copyright Office under Registration No. VA 2-183-396, effective as of October 23, 2019. A copy of the Certificate of Registration and relevant deposit material are attached as Exhibit A.

**B.     Defendant's Infringing Activities**

18. On information and belief, Guadalupe owns and controls Guadalupe Design, a women's apparel and accessories brand.

19. On information and belief, Guadalupe operates the website <guadalupedesign.com> (the "Guadalupe Design Website"), through which it displays, sells, and distributes various apparel products.

20. On information and belief, Guadalupe manufactured, displayed, distributed, offered for sale, and sold dresses, each labeled as "Momposina Dresses," that featured prints bearing an identical design to *Bagheera*.

21. Upon information and belief, the Momposina Dresses were available for viewing and purchase via the Guadalupe Design Website, via online retailers, and in brick-and-mortar retail locations.

22. The Momposina Dresses included the "Momposina Tiger Black" (retail price $170.00) and the "Momposina Tiger White" (retail price $170.00).

23. Images of the Momposina Dresses and their respective prints appear below:







24. The prints featured on the Momposina Dresses (the "Momposina Prints") reproduce exact copies of Printfresh's original *Bagheera* design.

25. There are virtually no discernable differences between the Momposina Prints and Printfresh's *Bagheera* design.

26. A side-by-side comparison makes it clear that the Momposina Prints are slavish copies of Printfresh's *Bagheera* design.





27.     Printfresh has suffered and continues to suffer damages and irreparable injury as a result of Guadalupe's infringement of its copyright.

## Count I
## Copyright Infringement

28.     Printfresh incorporates by reference paragraphs 1-28 of this Complaint, inclusive, as if the same were fully set forth herein.

29.     Printfresh's *Bagheera* is wholly copyrightable under the laws of the United States.

30.     Printfresh is the sole owner of all right, title, and interest in the copyright to *Bagheera*, which has been registered through the United States Copyright Office and assigned Registration No. VA 2-183-396.

31.     Without authorization, Defendant Guadalupe reproduced, displayed, distributed, sold, and otherwise used the Momposina Prints that are substantially similar to Printfresh's *Bagheera* design.

32.     Such unauthorized use constitutes an infringement of Printfresh's copyright for which Printfresh is entitled to damages and injunctive relief.

## Prayers for Relief

WHEREFORE, Printfresh prays that this Court:

a.     Issues a preliminary order enjoining Defendant from all further use of the Momposina Prints during the pendency of this litigation;

b.     declares that Defendant has infringed Printfresh's copyright in *Bagheera* under the Copyright Act;

c.     orders Defendant to deliver up for impoundment all infringing copies of *Bagheera* which are in Defendant's possession or control, in all forms whatsoever, including but not limited to the Momposina Dresses;

d.     Permanently enjoins and restrains Defendant, its successors, agents, and employees; and anyone acting in active concert or participation with or at the behest or direction of Defendant, from all further reproduction, manufacture, importation, display, sale, advertising, distribution, or other use of the Momposina Prints in any manner;

e.     orders Defendant to provide Printfresh a full accounting of all reproduction, manufacture, importation, display, sale, advertising, and/or distribution of the Momposina Dresses

displaying the Momposina Prints and any other infringing product(s), including (i) a full accounting of all sales of the Momposina Dresses featuring the Momposina Prints; (ii) identification of all affiliated parties who have distributed and/or sold the Momposina Dresses featuring the Momposina Prints; and (iii) all manufacturing, importation, and warehousing records related to the Momposina Dresses featuring the Momposina Prints;

  f. orders Defendant to file with the Court and serve on Printfresh's counsel within thirty days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

  g. awards Printfresh all profits earned by Defendant from the infringement of Printfresh's copyright in accordance with § 504(b) of the Copyright Act;

  h. awards Printfresh, if elected, such statutory damages within the provisions of the Copyright Act in a sum not less than $750.00, nor more than $30,000.00, per infringed work, or if the Court finds that the infringement was committed willfully, such statutory damages within the provisions of the Copyright Act in a sum up to and including $150,000.00;

  i. awards Printfresh its reasonable attorneys' fees, costs of suit, and interest; and

  j. orders or awards any other such relief in Printfresh's favor that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Printfresh hereby makes demand for a trial by jury on all issues triable to a jury.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SAUNDERS & SILVERSTEIN LLP |
| Dated: July 17, 2023 | /s/Aaron Y. Silverstein<br>Aaron Y. Silverstein<br>(SDNY Bar No. AS-2323)<br>Saunders & Silverstein LLP<br>14 Cedar Street, Suite 224<br>Amesbury, MA 01913<br>+1.978.463.9100<br>asilverstein@sandsip.com<br>Attorneys for Plaintiff<br><br>PRINTFRESH LLC |